UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
────────────────────────────────────X

Steven Jean-Pierre

                Petitioner,                             <u>ORDER</u>

   -against-

                                                                     00-CV-3903 (CBA)
United States,                                                   (related to 98-CR-00024)

                Respondent.
────────────────────────────────────X

AMON, United States District Judge:

On December 21, 2009, Steven Jean-Pierre filed a "Motion Pursuant to 18 U.S.C. § 3742 [for] Review of a Sentence." The Court construes this motion as a third petition pursuant to 28 U.S.C. § 2255, and thereby transfers it to the United States Court of Appeals for the Second Circuit.

Jean-Pierre's prior petitions under § 2255 were all denied by this Court. On February 28, 2003, the Court denied Jean-Pierre's motion seeking to vacate his sentence, and the Second Circuit Court of Appeals denied his motion for a certificate of appealability on July 30, 2003. Thereafter, on October 4, 2005, the Court denied Jean-Pierre's motion to vacate his sentence citing <u>United States v. Booker</u>, 125 S.Ct. 738 (2005), which he brought pursuant to 18 U.S.C. § 3582 and Amendment 591 of the United States Sentencing Guidelines. In the October 4, 2005 Order, the Court noted that: "Jean-Pierre has been advised previously that if he wishes to raise issues regarding the legality of his sentence in a second or successive habeas corpus petition, he must first move in the Court of Appeals for an order authorizing this Court to consider any such application pursuant to 28 U.S.C. §§ 2255 and 2244(b)(3)." Thus, the instant petition is clearly second or successive.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "assigns to the courts of appeals a gate-keeping function with respect to 'second or successive' . . . applications

1

for habeas corpus filed pursuant to 28 U.S.C. § 2254." Galtieri v. United States, 128 F. 3d 33, 35 (2d Cir. 1997) (citing AEDPA § 106(b), 28 U.S.C.A. § 2244(b)(3)). The AEDPA requires that

> before a second or successive petition for a writ of habeas corpus may be pursued in federal district court, a petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the application. The courts of appeals may authorize the filing of a second or successive petition only if a three-judge panel determines that the movant has made a prima facie showing that his motion satisfies the requirements set forth in 28 U.S.C. § 2244(b).

Thomas v. Superintendent/Woodbourne Correctional Facility, 136 F.3d 227, 228-229 (2d Cir. 1997) (citing AEDPA §§ 106( b)(3)(A-C), 28 U.S.C. §§ 2244(b)(3)(A-C)).

Accordingly, Jean-Pierre must move in the United States Court of Appeals for the Second Circuit for permission to pursue this application. 28 U.S.C. § 2244 (b)(3)(A).[3] In the interest of justice, the instant petition is hereby transferred to the United States Court of Appeals for the Second Circuit. 28 U.S.C. § 1631; see Whab v. United States, 408 F.3d 116, 118 (2d Cir. 2005) (a "second or successive" habeas petitions "may not be filed in a district court, unless the petitioner first obtains the authorization of the court of appeals, certifying that the petition conforms to specified statutory requirements"); Poindexter v. Nash, 333 F.3d 372, 382 (2d Cir. 2003) (district court "must" transfer successive petition to Second Circuit); Liriano v. United States, 95 F.3d 119, 122-123 (2d Cir. 1996) (per curiam) ( "[W]hen a second or successive petition for habeas corpus relief or § 2255 motion is filed in a district court without the authorization by [the Second Circuit], the district court should transfer the petition or motion to [the Second Circuit] in the interest of justice. . . .").

---

[3] Pursuant to Liriano v. United States, a district court transfers the petition to the Second Circuit, and the Clerk of the Second Circuit (upon receipt of the petition) sends the litigant an application form to file an authorization motion. 95 F.3d 119, 122-23 (2d Cir.1996).

2

This Order closes this case. If the Second Circuit authorizes petitioner to proceed in this matter, or on a portion of this matter, petitioner shall move to reopen this case under this docket number.

SO ORDERED.

Dated: Brooklyn, New York
February 10, 2010

/Signed by Judge Amon/
Carol Bagley Amon
United States District Judge

