UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
STEVEN JEAN-PIERRE,

                    Petitioner,

    -against-

UNITED STATES OF AMERICA,

                    Respondent.
-------------------------------------------------------------X

MEMORANDUM
AND ORDER

00-CV-3903 (CBA)
(related to 98-CR-00024)

AMON, United States District Judge:

Petitioner Steven Jean-Pierre ("Jean-Pierre") moves for reconsideration of this Court's decision, dated February 10, 2010, transferring his action to the United States Court of Appeals for the Second Circuit. Additionally, Jean-Pierre moves for a 30-day extension of time to file what he describes as "an objection" to this Court's February 10, 2010 Order (the "Order").

Jean-Pierre's motion for an extension of time to file mischaracterizes the Order as a Report and Recommendation. Unlike a Report and Recommendation, however, Jean-Pierre is not entitled to file an objection to a final order. Jean-Pierre's motion for an extension of time to file is therefore denied.

The Court will address his motion for reconsideration. Relying on the decision of the Supreme Court in Castro v. United States, 540 U.S. 375 (2003), Jean-Pierre argues that his motion should not have been construed by the Court as a successive petition under 28 U.S.C. § 2255 without giving him sufficient warning. His reliance is misplaced. Prior warning or notification to a pro se litigant is required only "when a court recharacterizes a pro se litigant's motion as a first § 2255 motion." Castro, 540 U.S. at 383 (emphasis added). As Jean-Pierre brought his first § 2255 motion on July 5, 2000, the current claim—styled as a motion under 18 U.S.C. § 3742—is not a first § 2255 motion requiring notification prior to conversion. See Jean-

Pierre v. United States, 00-CV-3903 (CBA). The potential prejudice of construing a motion as a § 2255 motion when none have yet been brought is that all other § 2255 motions will be treated as successive, subject to stricter requirements. Here, the defendant has already brought one § 2255 motion. Construing this motion under § 2255 does not prejudice him in the same way.

Moreover, since the denial of his first §2255 motion on February 28, 2003, Jean-Pierre has unsuccessfully filed two motions to set aside judgment pursuant to Rule 60(b) and a motion to reduce his sentence. In denying Jean-Pierre's February 2, 2005 motion to reduce his sentence, this Court noted that "Jean-Pierre has been advised previously that if he wishes to raise issues regarding the legality of his sentence in a second or successive habeas corpus petition, he must first move in the Court of Appeals for an order authorizing this Court to consider any such application pursuant to 28 U.S.C. §§ 2255 and 2244(b)(3)." Id. (Docket Entry No. 32 at 1). Jean-Pierre has received adequate prior notice regarding the correct procedure for raising his claims.

For the reasons stated herein, Jean-Pierre's motion for reconsideration is denied. Additionally, the motion for an extension of time to file is denied. The Clerk of Court is directed to enter judgment in accordance with this order.

SO ORDERED.

/S/
CAROL BAGLEY AMON
United States District Judge

Dated: April 6 , 2010
Brooklyn, New York